**PAYNE COUNTY, EXCISE BOARD, v. ATCHISON, T. & S. F. RY. CO.**

No. 29073.   May 2, 1939.

Leon J. York, County Attorney of Payne County, for plaintiff in error.

Rainey, Flynn, Green & Anderson, of Oklahoma City, for defendants in error.

WELCH, V. C. J. This appeal presents the question of whether section 12313, O. S. 1931, 68 Okla. St. Ann. sec. 339, confines the use of cash derived from unclaimed tax refunds to a corresponding reduction in ad valorem tax levies.

It is contended by the protestant that the following portion of the section, to wit,

"If no demand is made for refund within said period of six months, said taxes so collected and held shall be distributed to the fund or funds for which they were levied and collected and credited as a surplus therein for the next succeeding fiscal year."

—requires a corresponding levy reduction as to all such unclaimed refunds. The protestee contends that such unclaimed refunds are to be used as any other cash surplus in financing appropriations.

It is urged by protestant that the people, in adopting the quoted provision as a part of Initiative Petition No. 100, realizing that such funds were the product of an illegal tax levy in the first instance, intended upon equitable principles that such funds be used as a tax levy substitute. The result of the contention is to say that it is intended thereby to place a further limitation on the maximum limit of levies which are allowed under other provisions of law.

We are unable to discern from the language of the law, standing alone, or from an examination of same in view of other related provisions of law, any such intention.

The word "surplus," as used in all statutes relating to municipal funds, had a meaning well understood at the time of the adoption of Initiative Petition No. 100. Its use as an item of financing appropriations had been clearly regulated by statutes, which had been construed in numerous decisions of this court. A "surplus" of cash has always been held to be usable as an item of financing appropriations in the manner provided by the formula prescribed in section 12678, O. S. 1931, 68 Okla. St. Ann. sec. 290, unless it is clearly

shown by appropriate language that the fund is available for use only to replace and stand in lieu of ad valorem tax levies. No language is used in the above-quoted portion of section 12313, O. S. 1931, to justify a conclusion that the same was intended as such a limitation of tax levies.

The judgment of the Court of Tax Review is reversed, and the tax protest is denied.

CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., absent.